UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron R. Buck,   Case No. 3:19-cv-1365

        Plaintiff,

v.   MEMORANDUM OPINION
    AND ORDER

Commissioner of Social Security,

        Defendant.

## I. INTRODUCTION

Plaintiff has filed a motion for payment of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 19). Plaintiff's counsel was successful in obtaining an award of retroactive benefits for both Plaintiff and his children. (Doc. No. 19-2 at 19-36). But "counsel waives his right to any of the past due award for Mr. Buck's children[.]" (Doc. No. 19 at 1). The Commissioner opposed the motion, (Doc. No. 21), and Plaintiff filed a reply, along with additional authority. (Doc. Nos. 23, 24 & 26).

## II. ANALYSIS

Under 42 U.S.C. § 406(b), the court may allow as part of its judgment a reasonable fee, not to exceed 25% of the total past-due benefits awarded, to be paid to an attorney who represented a claimant under 42 U.S.C. § 401 *et seq.* and obtained a favorable judgment. Such fee is certified out of, not in addition to, the amount of past-due benefits. 42 U.S.C. § 406(b)(1)(A). And when awarded, no other fee may be ordered payable or certified for such representation. *Id.*

Section 406(b) does not displace contingent-fee agreements, but instead requires courts to review for reasonableness the fees yielded by those agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002); *see also Hayes v. Sec'y of HHS*, 923 F.2d 418, 420-22 (6th Cir. 1991) (explaining that, absent improper conduct, ineffectiveness, or a windfall award from minimal effort, an agreement for a 25% fee is presumed reasonable, and that a windfall can never occur when the hypothetical hourly rates is less than twice the standard rate for such work in the relevant market). Further, because attorneys are prohibited from collecting fees under the Equal Access to Justice Act and § 406(b) in the same case, the attorney must refund the amount of the smaller fee to the claimant in situations of dual entitlement. *Astrue v. Ratliff*, 560 U.S. 586, 587 (2010) (citing 28 U.S.C. § 2412(d)).

In this case, counsel obtained for Plaintiff a favorable judgment and an award of past-due benefits equaling $139,026.00. (Doc. No. 19-1). The contingent fee agreement between Plaintiff and counsel provided for the payment of 25% of past-due benefits. (Doc. No. 23 at 1). The Social Security Administration calculated the 25% fee from Plaintiff's award of back benefits to be $29,794.00. (Doc. No. 19-2 at 20).

Counsel originally requested $12,390.00 for services rendered. (Doc. No. 19 at 1). Counsel calculated this amount as: "17.1 hours x $450 per hour x 2 = $15,390", and then subtracted the EAJA award of $3,000. (*Id.*). But counsel's exhibit in support only reflects 17 hours worked. (Doc. No. 19-2 at 37-38). The Commissioner also opposed this amount as an unreasonable windfall because it resulted in an hourly rate of $905.29.[1] (Doc. No. 21 at 1). In his reply, counsel altered his request for fees. (Doc. No. 23 at 7). He reduced his standard rate to $350/hour, acknowledged he worked 17 hours, and requested a total award of $12,000. (*Id.*).

---

[1] Calculated by dividing the total requested award, prior to subtracting the EAJA award, by 17 hours worked. (*See* Doc. No. 21 at 1, n.1).

2

This amounts to an hourly rate of $705.88. Pursuant to *Hayes*, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. A review of other cases from within this district reflects a typical rate for non-contingent social security work to be around $350/hour, as requested by counsel. *See, e.g., Martuch v. Comm'r of Soc. Sec. Admin.*, 2019 WL 2304975, at *2 (N.D. Ohio May 1, 2019) (award of $350/hourly rate reasonable in §406(b)); *Bullock v. Comm'r of Soc. Sec. Admin.*, No. 1:15-cv-2158, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (standard hourly rate $350); *Reynolds v. Comm'r of Soc. Sec. Admin.*, 2019 WL 479116, at *3 (accepting $350/hour as standard market rate). Thus, while the $705.88/hour exceeds twice the standard rate, the difference is not material and does not equate to a windfall. *See Scappino v. Comm'r of Soc. Sec. Admin.*, no. 1:12-cv-2694, 2015 WL 7756155, at 3 (N.D. Ohio Dec. 1, 2015) (finding rate of $745/hour reasonable in light of $350/hour standard baseline); *see also Hayes*, 923 F.2d at 421 ("It is not unusual for contingent fees to translate into large hourly rates.").

The requested award does not exceed the 25% cap under § 406(b) and equals about 9% of the total past-due benefits awarded Plaintiff. Even if aggregated with counsel's $7,000.00 award for his representation before the agency, it is still only approximately 14% of the total past-due benefits, well below the 25% cap. *See Scappino v. Comm'r of Soc. Sec. Admin.*, 2015 WL 7756155, at 3 (N.D. Ohio Dec. 1, 2015) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)) (observing a court "need not aggregate the § 406(b) fees . . . with the fees previously awarded to counsel under § 406(a) for services before the agency.").

Further, there is no indication that counsel has been ineffective or engaged in improper conduct. Thus, an award of $12,000 is reasonable. Yet, because counsel was previously awarded $3,000 under the EAJA, he must refund this amount to the Plaintiff following receipt of this award.

### III. CONCLUSION

Accordingly, Plaintiff's motion is granted, and counsel is awarded a fee of $12,000.00 pursuant to 42 U.S.C. § 406(b). (Doc. No. 19). If counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, the Commissioner will direct that, following payment of Plaintiff's counsel, the remaining money withheld from Plaintiff's past-due benefits for the payment of his attorney fees be released to Plaintiff.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge